United States District Court
Southern District of Texas
**ENTERED**
March 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ANGELIC HERRING**                                                      **PLAINTIFF**

vs.                                              No. 4:15-cv-3226-VDG

**NINE ENERGY SERVICES, LLC**                                 **DEFENDANT**

<u>**ORDER GRANTING DEFAULT JUDGMENT,
AWARDING DAMAGES AND ATTORNEY'S FEES**</u>

This case was filed by Plaintiff Angelic Herring, who is a former employee of Defendant Nine Energy Services, LLC (hereinafter "Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA"). On January 11, 2016, Plaintiff filed his Motion for Default Judgment based on Defendant's failure to properly appear and defend herein. After careful consideration, and for reasons that follow, the Court makes the following findings of fact and conclusions of law and orders judgment entered for Plaintiff.

I.   **BACKGROUND**

On November 2, 2015, Plaintiff filed his Original Complaint (hereinafter "Complaint") against Defendant, which was properly served on November 10, 2015, along with a copy of the Summons issued herein, via personal service on the registered agent for service for Defendant by an authorized process server. Defendant has failed to file any responsive pleading within the time allowed by the Federal Rules of Civil Procedure. Taking the factual allegations in Plaintiff's Complaint as true, as is appropriate on a motion for default judgment, the Court finds that Plaintiff has presented evidence

which establishes a basis for Plaintiff's claims relating to violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and liquidated damages.

Defendant is an oilfield services provider engaged in interstate commerce which utilized goods that moved in interstate commerce. Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s). During the relevant time period the annual gross revenues of Defendant exceeded $500,000.00 per annum. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), for all relevant time periods. Throughout his employment with Defendant, Plaintiff routinely worked in excess of forty hours per week.

## II. FINDINGS OF FACT

The Court finds that venue is proper. The Court has jurisdiction under the FLSA and jurisdiction over the Defendant in this case because Defendant has engaged in significant activity relevant to this case within the Southern District of Texas, and Plaintiff has been adversely affected by the actions of Defendant, both here in the Southern District of Texas and elsewhere.

During the March 10, 2016, hearing, Plaintiff testified that he worked for Defendant from about September of 2012 until about January of 2013, or about 17 weeks. Plaintiff testified that he worked an average of 75 hours per week, making his average number of overtime hours 35 per week. Thus, on average, he worked 10.7 hours per day for Defendant. Plaintiff was not paid any overtime for the hours he worked in excess of forty (40) per week. Plaintiff was paid a salary of $5,000.00 per month plus a day rate/bonus of approximately $300.00 per month. Assuming a 30-day month, Plaintiff

worked an average of 321 hours per month. Plaintiff's regular rate can be calculated by adding his $5,000.00 salary and $300.00/day rate/bonus and dividing by the 321 hours he worked in each pay period. Plaintiff's testimony was credible and the Court accepts it as true. Thus, Plaintiff's regular rate was $16.51 per hour, and he should have been paid $27.77 for each hour that he worked in excess of forty (40). Plaintiff's total damages can be calculated by multiplying his 17 weeks of employment by his 35 hours of overtime and the $27.77 he should have received for those hours. The total amount owed to Plaintiff in unpaid overtime is $14,735.98.

### III.   APPLICABLE LAW

The FLSA directs that a covered employer, such as Defendant, must pay its employees overtime pay for all hours worked over forty at a rate of one and one-half times the employees' regular rate of pay. 29 U.S.C. § 207(a)(1). An employee may be considered exempt from the minimum wage and overtime provisions of the FLSA if the <u>employer</u> proves that the employee falls plainly and unmistakably within the terms and spirit of the exemption claimed by the employer. <u>Owens v. CEVA Logistics/TNT</u>, 2012 U.S. Dist. LEXIS 180866, *15 (S.D. Tex. Dec. 21, 2012). "In light of the FLSA's broad remedial aims, the exemptions from the FLSA's coverage are narrowly construed against the employer." <u>Id</u>. The facts pled by Plaintiff establish that he was not exempt from the minimum wage and overtime requirements of the FLSA during his employment as an oilfield worker for Defendant.

Plaintiff was employed by Defendant as an oilfield worker within the three years preceding the filing of his Complaint. Some of his tenure was slightly before this period, but Plaintiff asked for tolling of the statute of limitations, and his testimony regarding the

absence of notices regarding his rights under FLSA at the locations where he worked for Defendant is a sufficient basis for the slight amount of tolling that he asked for. During the time of his employment, he was paid a salary and was not paid overtime for hours worked in excess of forty per week. As an oilfield worker, Plaintiff's primary job duty was manual labor, including assisting oilfield crews at various well sites. He was not required to have any special education or specialized knowledge to perform his job.

The type of work performed by Plaintiff as an oilfield for Defendant does not qualify him for any exemptions to the FLSA's minimum wage and overtime requirements. His job required no specialized education or knowledge, but rather required him to perform manual labor alongside other crewmembers in providing the services offered by Defendant. Because there is no exemption to the FLSA's minimum wage and overtime requirements for which Plaintiff is qualified, he should have been paid overtime wages for all of his hours worked over forty per week. Therefore, Plaintiff is entitled to damages in the amount of one and one-half times his regular rate for all hours worked over forty per week during his time as an oilfield worker for Defendant.

When an employer is found to have violated the overtime payment requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of overtime compensation owed. 29 U.S.C. § 216. Liquidated damages are not penal in nature, but represent compensation to the employee for otherwise obscure and difficult to prove damages. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945). Subject to the discretion of the Court, an employer may be wholly or partially relieved of his duty to pay liquidated damages *only if the employer proves* "that the act or omission giving rise to such action was in good faith

and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260. An employer must demonstrate that it "took affirmative steps to ascertain the [FLSA's] requirements but nonetheless violated its provisions." Martin v. Ind. Mich. Power Co., 381 F.3d 574, 584 (6th Cir. 2004); Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008). Liquidated damages are "the norm" where an FLSA violation is found. Id.

By failing to appear and defend herein, Defendant has failed to meet its burden of proving that it acted in objective and subjective good faith. Moreover, as set forth below, Plaintiff has demonstrated that Defendant's violation was willful, thereby precluding a finding that Defendant acted in objective and subjective good faith. Therefore, Plaintiff is awarded liquidated damages equal to the amount of damages for unpaid minimum or overtime wages awarded to them.

Plaintiff is entitled to a three-year limitations period based on the willfulness of Defendant's violation. When an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute," the employer has committed a willful violation and a three-year limitations period applies to the claims of employees. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

Finally, the FLSA mandates that an employee who is awarded damages against his or her employer for minimum wage or overtime violations of the FLSA be awarded a reasonable attorney's fees and costs incurred in having pursued the case. Specifically, 29 U.S.C. § 216(b) states that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action."

The Court finds Plaintiff should have judgment against Defendant in the amount of $14,735.98 for unpaid wages, plus $14,735.98 in liquidated damages, for a total of $29,471.96. Plaintiff is also awarded attorney's fees against Defendant in the amount of $6,303.00, and costs in the amount of $465.00, pursuant to the sworn declaration of Plaintiff's counsel, together with the exhibit to the declaration. The lodestar method of calculating a reasonable attorney's fee is the appropriate method to calculate an award of fees. Plaintiff's request is reasonable, and the Court directs that judgment be entered against Defendant in the total amount of $36,239.96.

The parties have thirty (30) days from the entry of this judgment in which to appeal.

**IT IS SO ORDERED.**

SIGNED this ___ day of March, 2016.

HON. VANESSA D. GILMORE
U.S. DISTRICT COURT JUDGE